# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO. _____ |
| ) | |
| ZYKERIA NOTTINGHAM and ) | |
| GARDENS AT WASHINGTON ) | |
| PARK 1, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** AMCO INSURANCE COMPANY ("Plaintiff"), Plaintiff in the above-styled action, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.*, hereby files this Complaint for Declaratory Judgment, showing this Court as follows:

## NATURE OF THE ACTION

1.

This action is brought by Plaintiff for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.*, wherein Plaintiff is seeking a declaration that it owes Defendant Gardens at Washington Park 1, LLC ("Gardens") no duty to defend or indemnify under a businessowner's policy and an umbrella policy issued to Gardens.

## **PARTIES, JURISDICTION, & VENUE**

2.

AMCO Insurance Company ("Plaintiff") is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa. Plaintiff is authorized to conduct business in the State of Georgia, and has a registered agent in Gwinnett County, Georgia. Plaintiff is not a citizen of Georgia for diversity purposes.

3.

Defendant Gardens at Washington Park 1, LLC ("Gardens") is a Limited Liability Corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Georgia. It may be served with process through its registered agent Adam Kaye at 1170 Peachtree Street, Suite 2400, Atlanta, Georgia 30309. "The citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3rd Cir. 2015). Upon information and belief, all of the members of Gardens' limited liability company are citizens of the State of Georgia, and none of the members of Gardens' limited liability company are citizens of the State of Iowa. Thus, for purposes of federal court jurisdiction, Gardens is a resident and citizen of Georgia.

4.

Defendant Zykeria Nottingham is an individual. Upon information and belief, Zykeria Nottingham is a resident citizen of Fulton County, Georgia.

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the value of the matter in controversy, exclusive of interests and costs, exceeds the $75,000.00 jurisdictional amount.

6.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and Northern District of Georgia Local Rule 3.1(B)(1) because the Defendant Zykeria Nottingham, upon information and belief, is a resident citizen of Fulton County, Georgia.

## BACKGROUND

7.

Plaintiff AMCO issued the certain insurance policies to Defendant Gardens at Washington Park 1, LLC ("Gardens") which provides commercial general liability insurance coverage and commercial umbrella liability insurance coverage pursuant to their terms and conditions.

8.

Defendant Gardens at Washington Park 1, LLC ("Gardens") seeks defense and indemnity pursuant to a businessowner's policy with policy number ACP GLAO 3048964454 (the "Businessowner's Policy") and an umbrella policy with policy number ACP CAA 3048964454 (the "Umbrella Policy") issued by AMCO Insurance Company (collectively, the "Policies") in connection with liability claims asserted by Zykeria Nottingham (the "Underlying Plaintiff") in a demand letter sent to Plaintiff ("Underlying Demand").  A true and correct copy of the Businessowner's Policy is attached hereto as "Exhibit A." A true and complete copy of the Umbrella Policy is attached hereto as "Exhibit B." A true and complete copy of the Underlying Demand is attached hereto as "Exhibit C."

9.

It is alleged that Defendant Gardens owned, operated, controlled, or managed the subject premises located at 936 Mayson Turner Rd NW, Atlanta, Georgia 30314 (the "Premises").

10.

On October 31, 2022, Underlying Plaintiff was allegedly shot while on the Premises. *See* Exhibit C, at 1.

11.

Shortly after the shooting, Defendant Gardens completed an incident report and began to gather video evidence. However, Defendant Gardens did not notify AMCO of the shooting.

12.

Defendant Gardens failed to report the incident to Plaintiff until September 28, 2023, approximately eleven (11) months after the shooting event.

13.

On or about February 2, 2024, the Underlying Plaintiff sent the Underlying Demand to Plaintiff, demanding payment of Four Million Dollars ($4,000,000), and stating her intent to file suit against Plaintiff if her claim was not promptly paid. *See* Exhibit C, at 5.

14.

The Underlying Demand generally asserts a claim against Gardens for Premises Liability. *See generally, Id.*

15.

In the Underlying Demand, the Underlying Plaintiff alleges that despite a rampant crime problem at the Premises, Gardens failed to provide any reasonable security measures to keep tenants and invitees safe. *Id*. at 2.

16.

Plaintiff properly reserved its rights under the Policy and has assigned defense counsel under reservation. A true and complete copy of Plaintiff's reservation of rights letter is attached as "Exhibit D."

## RELEVANT POLICY PROVISIONS

17.

The Businessowner's Policy's policy period is from August 31, 2022, to August 31, 2023. *See* Exhibit A at 8.

18.

The Businessowner's Policy provides commercial general liability insurance coverage, subject to the Businessowner's Policy's terms and conditions, for certain business operations at the Property. *See generally*, Exhibit A.

19.

Defendant Gardens is a named insured under the Businessowner's Policy. *See* Exhibit A at 8.

20.

The Businessowner's Policy has a liability limit of $1,000,000.00 per occurrence, and a general aggregate limit of $2,000,000.00. *See* Exhibit A at 8.

21.

**Section I – Coverages** of the Businessowner's Policy contains the following:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. INSURING AGREEMENT**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary payments – Coverages A and B.

Exhibit A at 15.

22.

**Section IV – Commercial General Liability Conditions** of the Businessowner's Policy contains the following:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**[…]**
    **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;
    (2) The names and addresses of any injured persons and witnesses; and
    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and
    (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
    (2) Authorize us to obtain records and other information;
    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
    (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit A at 25.

23.

**Section V – Definitions** of the Businessowner's Policy contains the following:

**SECTION V – DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[…]

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A at 27, 29.

24.

The Umbrella Policy's policy period is from August 31, 2022, to August 31, 2023. *See* Exhibit B at 4.

25.

The Umbrella Policy provides commercial umbrella liability insurance coverage, subject to the Umbrella Policy's terms and conditions, for certain business operations at the Property. *See generally*, Exhibit B.

26.

Defendant Gardens is a named insured under the Umbrella Policy. *See* Exhibit B at 4.

27.

The Umbrella Policy has a liability limit of $3,000,000.00 per occurrence, and a general aggregate limit of $3,000,000.00. *See* Exhibit B at 4.

28.

The **INSURING AGREEMENTS** section of the Umbrella Policy contains the following:

**A. Coverage A - Excess Follow Form Liability Insurance**

1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:

    a. any contrary provision contained in this policy; or

    b. any provision in this policy for which a similar provision is not contained in "underlying insurance"

2. With respect to the exceptions stated above, the provisions of this policy will apply.

3. The amount we will pay for damages is limited as described in Limits of Insurance.

4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

5. We have no obligation under this insurance with respect to any claim or "suit" settled without our consent. […]

**B. Coverage B - Umbrella Liability Insurance**

1. Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". We will pay such damages in excess of the Retained Limit Aggregate specified in the Declarations or the amount payable by "other insurance", whichever is greater.

2. Damages because of "bodily injury" include damages claimed by any person or organization for care or loss of services resulting at any time from "bodily injury".

3. This coverage applies anywhere.

4. The amount we will pay is limited as described in Limits of Insurance.

5. Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance" […]

Exhibit B at 9.

29.

The **DEFINITIONS** section of the Umbrella Policy contains the following:

**A. Applicable to Coverage A and Coverage B**

As used in Coverage A and Coverage B: […]

7. "Other insurance" means a policy of insurance affording coverage that this policy also affords. "Other insurance" includes any type of self-insurance or other mechanism by which an "insured" arranges for funding of legal liabilities.

"Other insurance" does not include "underlying insurance" or a policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords. […]

13. "Underlying insurance" means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy, including any type of self insurance or alternative method by which the "insured" arranges for funding of legal liabilities that affords coverage that this policy covers.

Exhibit B at 19.

## **CLAIM FOR RELIEF**

30.

Plaintiff reiterates Paragraphs 1 through 29 of this Complaint for Declaratory Judgment as if fully set forth herein.

31.

In light of the facts and circumstances surrounding the Policies, the incident described in the Underlying Demand, and the Underlying Demand, Plaintiff is in a position of uncertainty as to its legal rights and obligations under the Policies.

32.

Under the language of the Policies as set forth above, no coverage is owed by Plaintiff for any liability resulting from any claim or action alleged in the Underlying Demand or any lawsuit arising out of the claims set forth in the Underlying Demand because Defendant Gardens failed to comply with the notice requirements set forth in the Policy.

33.

Specifically, Defendant Gardens knew about the existence of "an 'occurrence' or an offense that may result in a claim" on or about October 31, 2022, the date of the shooting. Defendant Gardens failed to notify Plaintiff of the claim until approximately eleven (11) months later on September 28, 2023.

34.

When a question arises as to insurance coverage, the Georgia Court of Appeals set forth the following procedure that an insurance company must take:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer must thereupon, (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

*Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (1976) (emphasis added). As such, an actual controversy of justiciable nature presently exists between the Plaintiff and Defendants which demands a declaration by this Court in order for Plaintiff to have its rights and duties under the Policies determined.

Accordingly, Plaintiff seeks a declaration from this Court that no duty to defend or indemnify is owed to Defendant Gardens or any other Defendant under the Policies for the Underlying Demand, as outlined herein.

**WHEREFORE**, Plaintiff prays this Court enter a judgment declaring:

a) That process and summons be issued to Defendants and that service of Defendants be had as required by law;

b) The rights and obligations of the parties to the Policies;

c) That there is no coverage provided under the Policies for the claims in the Underlying Demand and that Plaintiff has no duty to defend any claims or actions, or pay any judgment, in the Underlying Demand or arising out of the incident involving Defendants;

d) That Plaintiff be awarded its costs in this action; and,

e) That Plaintiff be awarded any other further relief that this Court deems just and proper.

This 2nd day of February 2024.

Respectfully submitted,

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

By: /s/ *Lee Clayton*
Lee Clayton, Esq.
Georgia State Bar No. 601004
R. Scott Connally, Esq.
Georgia State Bar No. 171421
*Attorneys for Plaintiff*

1420 Peachtree Street, NE, Ste. 800
Atlanta, GA  30309
Telephone 404-874-8800
Fax 404-888-6199
lee.clayton@swiftcurrie.com
scott.connally@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1D, that the foregoing Complaint for Declaratory Judgment has been prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

This 2nd day of February 2024.

                                      **SWIFT, CURRIE, MCGHEE & HIERS, LLP**

                                      By:   /s/ Lee Clayton
                                                  Lee Clayton, Esq.
                                                   Georgia State Bar No. 601004
                                                   R. Scott Connally, Esq.
                                                   Georgia State Bar No. 171421
                                                   *Attorney for Plaintiff*

1420 Peachtree Street, NE, Ste. 800
Atlanta, GA  30309
Telephone 404-874-8800
Fax 404-888-6199
lee.clayton@swiftcurrie.com
scott.connally@swiftcurrie.com

4863-0893-6352, v. 2