IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:24-cv-00508-LMM |
| ZYKERIA NOTTINGHAM; GARDENS AT WASHINGTON PARK 1, LLC; BALFOUR RESIDENTIAL, LLC; and GINA RIVERA, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [13] and Plaintiff's Motion to Dismiss the Counterclaim Complaint [14]. After due consideration, the Court enters the following Order.

### I.   BACKGROUND

This case involves a dispute over insurance coverage and whether the insured complied with the notice provisions of the insurance policy. Plaintiff AMCO Insurance Company seeks a declaratory judgment regarding an underlying lawsuit filed by Defendant Nottingham against Defendants Gardens of Washington Park 1, LLC, Balfour Residential, LLC, and Gina Rivera (collectively the "Gardens Defendants"). Dkt. No. [6]. Plaintiff issued two

commercial insurance policies to the Gardens Defendants, both of which were effective from August 2022 to August 2023. Dkt. No. [6] ¶¶ 24–37. The policies provided commercial liability insurance coverage for certain business operations and suits seeking damages for "property damage" and "bodily injury." Dkt. No. [6-1] at 15; Dkt. No. [6-2] at 9. Additionally, one of the policies included the following language, requiring the Gardens Defendants to notify Plaintiff of any occurrences which may result in a claim under the policies:

> a. You insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the "occurrence" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

Dkt. No. [6-1] at 25.

On October 31, 2022, Defendant Nottingham was shot while on the Gardens Defendants' premises. Dkt. No. [6] ¶ 11; Dkt. No. [6-4] ¶ 14. Plaintiff alleges that the Gardens Defendants did not notify Plaintiff of this incident until September 2023—eleven months after the incident. Dkt. No. [6] ¶ 14. Defendant Nottingham sent a letter to Plaintiff, including a demand of $4 million for her injuries and a statement of intent to file a lawsuit against the Gardens Defendants if the demand was not fulfilled. Dkt. No. [6-3]. On March 22, 2024, Defendant Nottingham—plaintiff in the underlying action—sued the Gardens Defendants in the Superior Court of Fulton County alleging that the Gardens Defendants

2

breached their duty to keep the premises safe for their tenants and invitees.[1] See Dkt. No. [6-4] ¶ 17. After receiving notice of the suit, Plaintiff agreed to provide a defense under a reservation of rights. Dkt. No. [6-5] at 5.

Plaintiff filed this suit, asking the Court to issue a declaratory judgment on its duty to defend and its duty to indemnify the Gardens Defendants in the underlying state court action. Dkt. No. [6] ¶ 42. Defendant Nottingham filed a counterclaim complaint with three claims: 1) declaratory relief that Plaintiff is obligated to provide insurance coverage to the Gardens Defendants, (2) breach of contract, and (3) attorneys' fees. Dkt. No. [9] ¶¶ 19–28. Plaintiff and the Gardens Defendants both move to dismiss. Dkt. Nos. [13, 14].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

---

[1] The underlying action filed by Defendant Nottingham is styled as *Zykeria Nottingham v. Gardens at Washington Park 1, LLC, et al.*, Civil Action No. 24CV003681 in the Superior Court of Fulton County.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads factual content necessary for a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). But this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

### III. DISCUSSION

The Gardens Defendants move to dismiss Plaintiff's duty-to-indemnify claim, arguing that this claim is not yet ripe. Dkt. No. [13] at 4–8. Plaintiff also moves to dismiss all claims in Defendant Nottingham's counterclaim. Dkt. No. [14]. Below, the Court addresses the parties' arguments regarding: (A) Plaintiff's duty-to-defend and duty-to-indemnify claims; and (B) Defendant Nottingham's counterclaims.

### A. Plaintiff's Declaratory Relief

Plaintiff seeks a declaration that it is not obligated to defend or indemnify the Gardens Defendants under the insurance policies. Dkt. No. [6] ¶ 42.

Specifically, Plaintiff contends that the Gardens Defendants knew about the shooting of Defendant Nottingham on or about October 31, 2022 but failed to notify Plaintiff until "approximately eleven months later on September 28, 2023." Id. ¶ 41. Because the Gardens Defendants allegedly failed to comply with the notice provisions of the policies, Plaintiff contends that it does not owe insurance coverage for any liability from the underlying lawsuit. Id. ¶ 40.

Since Plaintiff requests a judgment on its duty to indemnify and duty to defend, the Court must address each separately. See Nat'l Builders Ins. Co. v. RQ Bldg. Prods., Inc., 709 F. App'x 677, 678 (11th Cir. 2018) ("As '[t]he duty to defend is separate and apart from the duty to indemnify,' the district court should have addressed the duty to defend issues." (quoting Trizec Props., Inc. v. Biltmore Constr. Co., 767 F.2d 810, 812 (11th Cir. 1985))); Elan Pharm. Rsch. Corp. v. Emps. Ins., 144 F.3d 1372, 1375 (11th Cir. 1998) ("[U]nder Georgia law, the duty to defend an insured is separate and independent from the obligation to indemnify." (citing Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997))).

### 1. Duty to Indemnify

Plaintiff seeks a declaratory judgment that it has no duty to indemnify the Gardens Defendants. Dkt. No. [6] ¶ 42. The Gardens Defendants argue that Plaintiff's duty-to-indemnify claim is not yet ripe, because there has been no judgment, settlement, or imposition of liability in the underlying action. Dkt. No. [13] at 4–5. Plaintiff responds that all conduct relevant to deciding the duty-to-

indemnify claim is backward-looking, so it is ripe for adjudication. Dkt. No. [16] at 2, 7.

The Court agrees with the Gardens Defendants. "Disputes related to an insurer's duty to indemnify are typically not ripe until liability is established in the underlying action." Am. Fam. Ins. Co. v. Almassud, 413 F. Supp. 3d 1292, 1300 (N.D. Ga. Sept. 3, 2019) (citing J.B.D. Constr., Inc. v. Mid-Continent Cas. Co., 571 F. App'x 918, 927 (11th Cir. 2014)); see also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x 768, 770 (11th Cir. 2019) (holding that the "duty to indemnify . . . is not ripe for adjudication until the underlying lawsuit is resolved"). Unless and until a judgment or settlement is entered against the Gardens Defendants, this Court has no jurisdiction over Plaintiff's declaratory judgment claim insofar as it relates to the duty to indemnify. Mid-Continent Cas. Co., 766 F. App'x at 770; Almassud, 413 F. Supp. 3d at 1301 ("Ripeness, as an Article III doctrine, ultimately 'goes to whether [a] district court had subject matter jurisdiction to hear the case.'" (quoting Dig. Props., Inc. v. City of Plantation, 121 F.3d 586, 591 (11th Cir. 1997))).

In attempting to distinguish these authorities, Plaintiff argues that its duty-to-indemnify claim is ripe in the context of the Gardens Defendants' failure to comply with a condition precedent to coverage. Dkt. No. [16] at 7–8. Specifically, Plaintiff contends that any violation of the notice provision of the policy is backward-looking and not dependent on a judgment or settlement in the underlying lawsuit. See id. at 2, 7–8. The Court finds this argument unpersuasive.

First, this argument does not align with Eleventh Circuit precedent on the ripeness of a duty-to-indemnify claim. Regardless of whether the relevant conduct for this claim is backward-looking, Plaintiff's duty to indemnify depends solely on whether the Gardens Defendants are liable to Defendant Nottingham—which has not yet been determined in the underlying action. See Sullivan v. Everett Cash Mut. Ins. Co., No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party." (citing Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960) and Mid-Continent Cas. Co., 766 F. App'x at 770)); Allstate Ins. Co. v. Emps. Liab. Assurance Corp., 445 F.2d 1278, 1281 (5th Cir. 1971) ("We have held that no action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."). Without a judgment, settlement, or finding of liability in the underlying action, Plaintiff's duty to indemnify is hypothetical and dependent on liabilities that may never arise.

Second, Plaintiff cites non-binding authority where courts determined that a duty-to-indemnify claim was ripe simply because the duty-to-defend claim was also ripe. See Dkt. No. [16] at 7–8. For example, in a case cited by Plaintiff, the court held that if "Plaintiff has no duty to defend . . . under the Policy, Plaintiff's request for a declaratory judgment concerning its duty to indemnify . . . also may

7

be ripe." Scottsdale Ins. Co. v. King Bird Fireworks, No. 4:19-cv-0109-HLM, 2019 WL 9821774, at *6 (N.D. Ga. Aug. 12, 2019). But the Eleventh Circuit has declined to adopt this specific line of reasoning. See AEGIS Elec. & Gas Int'l Servs. Ltd. v. ECI Mgmt. LLC, 967 F.3d 1216, 1227–28 (11th Cir. 2020) (declining to rule on the insurer's duty to indemnify even after finding that the duty-to-defend issue was ripe for adjudication); Trizec Props., Inc., 767 F.2d at 813 (same). Because Plaintiff's authority is not in line with Eleventh Circuit precedent, the Court finds it to be unpersuasive.[2]

Thus, because there has been no finding of liability against the Gardens Defendants, the Court finds that Plaintiff's duty-to-indemnify claim is not ripe. The Court therefore dismisses it.

2. **Duty to Defend**

Plaintiff also seeks a declaration that it has no duty to defend the Gardens Defendants in the underlying action. Dkt. No. [6] ¶ 42. Although the Gardens Defendants do not contest the ripeness of Plaintiff's duty-to-defend claim, the Court still finds that the duty-to-defend claim presents a live controversy for the Court to adjudicate.

Plaintiff alleges that it reserved its rights to deny coverage under the policies due to untimely notice from the Gardens Defendants. Dkt. No. [6] ¶ 23;

---

[2] Plaintiff also cites case law to demonstrate that some courts have decided a duty-to-indemnify claim before a judgment or settlement in the underlying action. See Dkt. No. [16] at 8–10. These cases did not decide the specific issue of ripeness for the duty-to-indemnify claim, so the Court finds them unpersuasive.

Dkt. No. [6-4] at 5. Both Defendant Nottingham and the Gardens Defendants respond that Plaintiff is obligated to provide a defense in the underlying action. See Dkt. No. [9] ¶ 14; Dkt. No. [34] at 4–6. Accordingly, Plaintiff's duty to defend presents a question ripe for adjudication. See Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc., No. 1:11-cv-0215-RWS, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012) ("Here, there is a controversy about whether Plaintiff is obligated to provide a defense to Defendants under the Policies, making the duty to defend ripe for adjudication."); State Farm Fire and Cas. Co. v. Myrick, No. 2:06-cv-359-WKW, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("[A] controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated." (citing Am. Fid. & Cas. Co., 380 F.3d at 461)).

The Court chooses to exercise its discretionary jurisdiction over Plaintiff's duty-to-defend claim, rather than dismiss it. See Otwell v. Ala. Power Co., 747 F.3d 1275, 1280 (11th Cir. 2014) ("It is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory." (citing Wilton v. Seven Falls Co., 515 U.S. 277, 286–88 (1995))). Plaintiff's duty-to-defend claim presents legal issues separate from those in the underlying litigation and there is little risk of factual overlap. To determine the scope of Plaintiff's duty to defend, the Court must "compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract." Elan Pharm.,

144 F.3d at 1375 (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40–41 (Ga. 1979)). "[T]he duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." Great Am. Ins. Co., 259 S.E.2d at 40–41 (quotation omitted). Unlike the duty to indemnify, Plaintiff's duty to defend deals with current obligations that present a live controversy. Thus, the Court finds that Plaintiff's claim regarding its duty to defend is ripe.

### B. Defendant Nottingham's Counterclaims

Defendant Nottingham filed a counterclaim complaint with three claims: 1) declaratory relief that Plaintiff is obligated to provide insurance coverage to the Gardens Defendants, (2) breach of contract, and (3) attorneys' fees. Dkt. No. [9] ¶¶ 19–28. Plaintiff moves to dismiss all claims. Dkt. No. [14]. Below, the Court addresses the parties' arguments for each claim.

#### 1. Declaratory Judgment

Count One of Defendant Nottingham's counterclaim seeks a declaration under the Federal Declaratory Judgment Act that Plaintiff "is obligated to provide insurance coverage for the shooting of [Defendant] Nottingham and the underlying action." Dkt. No. [9] ¶ 19. Plaintiff argues that Defendant Nottingham's claim is not ripe because the underlying lawsuit in state court remains pending. Dkt. No. [14-1] at 10. The Court finds that Defendant Nottingham's duty-to-indemnify claim is not ripe for adjudication.

Defendant Nottingham seeks declaratory relief pursuant to the Federal Declaratory Relief Act. See Dkt. No. [9] ¶ 19. The Federal Declaratory Judgment Act allows federal district courts to "declare the rights and other legal relations of any interested party seeking such declaration" when there is "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Under this statute, the finding of a case or controversy depends on whether "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" TransCardiac Therapeutics, Inc. v. Yoganathan, 85 F. Supp.3d 1351, 1354 (N.D. Ga. 2014) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

Plaintiff argues that Defendant Nottingham's entire counterclaim for declaratory relief is not yet ripe for adjudication. See Dkt. No. [14-1] at 11; Dkt. No. [29] at 5–6. Unlike Plaintiff's declaratory action, Defendant Nottingham's claim does not distinguish between the duty-to-defend and the duty-to-indemnify issues. Still, Plaintiff argues that only the duty-to-indemnify claim is not yet ripe. See Dkt. No. [29] at 5–6. Accordingly, for the same reasons as Plaintiff's declaratory action, the Court finds that Defendant Nottingham's claim insofar as it relates to the duty to indemnify is not yet ripe. Because the duty-to-indemnify claim is dependent on a finding of liability in the underlying action, the Court declines to decide this issue. See Allstate Ins. Co., 445 F.2d at 1282 (holding that an insurer's duty to indemnify a judgment is not yet ripe "until such judgment

comes into being" since "the liabilities are contingent and may never materialize"). Thus, the Court dismisses Defendant Nottingham's duty-to-indemnify claim and finds that the duty-to-defend claim is ripe for adjudication.

### 2. Breach of Contract

Count Two of Defendant Nottingham's counterclaim alleges that Plaintiff breached its contract with the Gardens Defendants by denying coverage for the claims in the underlying suit. Dkt. No. [9] ¶ 26. Plaintiff responds that Defendant Nottingham lacks standing to assert her breach-of-contract claim. Dkt. No. [14-1] at 11–12. The Court agrees with Plaintiff.

There is no dispute that Defendant Nottingham is not a party to the insurance policies. Still, Defendant Nottingham contends that she is a "potential judgment creditor" and "an interested party" under the insurance policies, creating a sufficient legal interest to bring a claim for a breach of the insurance policies. Dkt. No. [19] at 7. But, under Georgia law, these characterizations are not sufficient for standing to sue under the contract as a non-party. See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007) ("[W]hether, for standing purposes, a non-party to a contract has a legally enforceable right is a matter of state law.").

Under Georgia law, a "beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." O.C.G.A. § 9-2-20(b). But, for a third party to enforce the agreement under O.C.G.A. § 9-2-20(b), "it must clearly appear from the contract that it was

intended for [their] benefit." Danjor, Inc. v. Corp. Constr., Inc., 613 S.E.2d 218, 220 (Ga. Ct. App. 2005); see also Donnalley v. Sterling, 618 S.E.2d 639, 641 (Ga. Ct. App. 2005) (requiring that "the contracting parties' intention to benefit the third party must be shown on the face of the contract"). To evince such intent, "there must be a promise by the promisor to the promise to render some performance to [the] third person, and it must appear that both the promisor and the promisee intended that the third person should be the beneficiary." AT&T Mobility, LLC, 494 F.3d at 1361 (citing Danjor, 613 S.E.2d at 220).

Plaintiff does not point to any express terms in the policies that would give rise to third-party beneficiary status for Defendant Nottingham, and the Court does not find any terms either. See Dkt. Nos. [6-1, 6-2]. Even if Plaintiff had a duty to indemnify the Gardens Defendants, the express language of the insurance policies does not indicate that the contract was intended for Defendant Nottingham's benefit. See Travelers Prop. Cas. Co. v. All Am. Ins. Co., No. 2:23-cv-00139-SCJ, 2024 WL 4043545 (N.D. Ga. April 24, 2024) ("One is not a third party beneficiary merely because it receives a 'benefit' from contractual performance—instead, the intent to benefit must be clearly 'on the face of the contract.'" (citing Donnalley, 618 S.E.2d at 641)).

Since Defendant Nottingham is neither a party to nor an intended beneficiary of the insurance policies, she "has not suffered a legally cognizable

13

injury" and lacks standing to enforce the agreement under Georgia law.[3] AT&T Mobility, LLC, 494 F.3d at 1362. Thus, the Court dismisses Defendant Nottingham's breach-of-contract claim.

### 3. Attorneys' Fees

Count Three of Defendant Nottingham's Complaint seeks an award of reasonable attorneys' fees and expenses. Dkt. No. [9] ¶ 28. Plaintiff contends that, because Defendant Nottingham's claim for attorneys' fees is derivative of her other claims, it must also be dismissed. Dkt. No. [14-1] at 14–15. Because the Court does not dismiss Defendant Nottingham's claim for declaratory relief, Plaintiff's argument fails. Therefore, the Court denies Plaintiff's motion to dismiss Defendant Nottingham's claim for attorneys' fees.

---

[3] Defendant Nottingham relies on a Seventh Circuit case for the principle that she "has a legally protectable interest" in the insurance policies sufficient to sue for breach of contract. Dkt. No. [19] at 7–8 (quoting Bankers Trust Co v. Old Republic Ins. Co., 959 F.2d 677 (7th Cir. 1992)). The Court finds this case unpersuasive because the Seventh Circuit did not analyze a third-party's ability to enforce a contract under Georgia law.

14

## IV. CONCLUSION

Based upon the foregoing, the Gardens Defendants' Motion to Dismiss [13] is **GRANTED in part** and **DENIED in part**: Plaintiff's claim on its duty to indemnify is dismissed and the duty-to-defend claim remains. Plaintiff's Motion to Dismiss Defendant Nottingham's Counterclaim [14] is **GRANTED in part** and **DENIED in part**: Defendant Nottingham's claims regarding the duty to indemnify and the breach of contract are dismissed, and all other claims remain.

**IT IS SO ORDERED** this 6th day of November, 2024.

_____
**Leigh Martin May**
**United States District Judge**