# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:24-cv-00508-LMM |
| | ) | |
| ZYKERIA NOTTINGHAM, GARDENS AT WASHINGTON PARK 1, LLC, BALFOUR RESIDENTIAL, LLC, and GINA RIVERA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF ZYKERIA NOTTINGHAM'S MOTIONS IN LIMINE

COMES NOW Defendant/Counterclaim Plaintiff Zykeria Nottingham and files her Motions in Limine. Ms. Nottingham makes the following Motions for two purposes: to exclude certain evidence, arguments, or areas of inquiry; and to obtain a pretrial ruling on the admissibility of certain evidence.

1.

**Prior criminal incidents and lawsuits at other properties are irrelevant and prejudicial.** Plaintiff clearly intends to make arguments and introduce exhibits regarding unrelated and irrelevant prior crimes at other properties owned and/or managed by the owners of Gardens and Balfour. These prior incidents, and

any claims made as a result of these incidents are not relevant to this case, prejudicial, and would confuse the jury, and should be excluded accordingly.

The only issue in this case is whether Gardens at Washington Park 1, LLC and Balfour Residential, LLC (collectively "Gardens") provided reasonable notice to Plaintiff AMCO of the underlying shooting of Zykeria Nottingham. Whether and/or when Gardens provided notice to other insurers with different policy requirements of prior unrelated incidents at different properties is irrelevant, and has no bearing on this case. Fed. R. Evid. 401. The jury will not be asked to make any determinations about these unrelated incidents and claims, which have no bearing on whether Gardens acted reasonably in response to the Nottingham shooting.

Further, the introduction of evidence regarding other unrelated criminal incidents would vastly expand the proceedings and require the parties to litigate the facts of these earlier incidents, despite no witnesses to these incidents being identified in the Pretrial Order. Any evidence of prior criminal incidents unrelated to the underlying shooting of Zykeria Nottingham would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403. Accordingly, any

reference to criminal incidents other than the underlying shooting should be precluded at trial.

2.

**Speculation about the assailants' identities and motives.** The assailants who shot Ms. Nottingham were never identified or apprehended. Accordingly, the shooters' identities and motives are entirely unknown. Thus, any argument or comment about who the assailants are or what their motives were would be purely speculative, irrelevant, and prejudicial, and also completely relevant to the issue of notice to the insurer. Fed. R. Evid. 401, 403. Accordingly, the Court should preclude all comments about the assailants' identities and/or motives.

3.

**False and prejudicial comments about Ms. Nottingham's father.** During discovery in this action and the underlying tort case, the Gardens Defendants and their employees made comments during depositions and in emails suggesting that Zykeria Nottingham's father, Darryl Nottingham, may have been engaged in drug dealing or other illegal activities, which is completely unsubstantiated and not in any way proven, nor related to the case. Defendant Gardens 30(b)(6) representative Shmuel Wolf also testified that he was told that a prior carjacking at the property was committed by a friend of Mr. Nottingham.

Defendant Zykeria Nottingham denies these false and extremely prejudicial accusations against her father, and all parties should be precluded from arguing, commenting, or otherwise suggesting that Mr. Nottingham was engaged in any illegal activity. There is no evidence of any illegal activity, and even if there were any such evidence, it would be irrelevant to the issues to be decided in this declaratory judgment case, *i.e.*, whether Gardens provided reasonable notice of the shooting to AMCO. Fed. R. Evid. 401. Moreover, the probative value of any such evidence would be non-existent and substantially outweighed by the danger of unfair prejudice, misleading the jury, and undue delay. Fed. R. Evid. 403.

Additionally, Mr. Nottingham is identified as a potential witness in this case, and it would be highly improper for any party to attempt to impugn his character or otherwise impeach him by suggesting he is a criminal, despite no admissible evidence to that effect, and no certified conviction under Fed. R. Evid. 609. Rule 609 allows for evidence of prior convictions for impeachment purposes only in very limited circumstances, and here, AMCO has not identified any convictions of Daryl Nottingham, let alone one that meets the strict criteria under Rule 609. Further, even if there were evidence of any prior convictions, AMCO has not properly provided "reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use" as required by Fed. R. Evid. 609(b)(2).

For the above reasons, the Corut should preclude any arguments, comments, or suggestions that Mr. Nottingham was ever engaged in any illegal activity, and any documents containing any such comments should be redacted accordingly.

4.

**Any argument or evidence related to collateral sources.** Defendant Nottingham moves to exclude any reference, question, comment, suggestion, or argument that Ms. Nottingham received, has been entitled to receive, may receive, or may become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to medical insurance, Medicaid benefits, or any other benefits for the event at issue. Such collateral sources are inadmissible and should be excluded. *Warren v. Ballard*, 266 Ga. 408 (1996); Fed. R. Evid. 401-03, and have no bearing on any issue in this case.

November 4, 2025.

                                    Respectfully submitted,

                                    **LAW & MORAN**

                                    */s/ Brian C. Kaplan*
                                    Peter A. Law
                                    Georgia Bar No. 439655
                                    Brian C. Kaplan
                                    Georgia Bar No. 644393
                                    Attorneys for Zykeria Nottingham

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

November 4, 2025.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
