IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ZYKERIA NOTTINGHAM; : <br> GARDENS AT WASHINGTON : <br> PARK 1, LLC; BALFOUR : <br> RESIDENTIAL, LLC; and GINA : <br> RIVERA, : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 1:24-cv-00508-LMM |

# **ORDER**

This case comes before the Court on Defendant/Counter Claimant Zykeria Nottingham's Motion in Limine. Dkt. No. [96]. This motion requests that the Court exclude prior criminal incidents and lawsuits at other properties as irrelevant and prejudicial. Id. at 1–3. The briefing indicates that Plaintiff AMCO Insurance Company intends to introduce four specific premises liability incidents, which resulted in some form of complaint, demand, or other attorney communication, and were communicated to Defendants before the incident at issue in this case. See Dkt. No. [108] at 2–5; Dkt. No. [109] at 3–5. The Court has reviewed the specific incidents at issue.

First, the Hughley and Odukoya incidents are excluded, and the Motion is **GRANTED IN PART** as to this evidence. These incidents are not similar enough to the incident in this case. As such, the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. Fed. R. Evid. 403.

Next, the Motion is **DENIED IN PART** as to the Lavant and Smith shootings. In reviewing these incidents, the Court is mindful of the applicable law. Whether an insured's delay is justified depends on whether the insured acted "reasonably under the circumstances." Forshee v. Emps. Mut. Cas. Co., 711 S.E.2d 28, 31 (Ga. Ct. App. 2011) (quoting Guar. Nat'l Ins. Co. v. Brock, 474 S.E.2d 46, 48 (Ga. Ct. App. 1996)). "[I]f a reasonable and ordinarily prudent person would conclude that an event forms no basis for a possible claim, the failure of the insured to give notice of the event is justified and no bar to coverage." Forshee, 711 S.E.2d at 31. Additionally, courts consider whether "the insured actually knew or should have known of the possibility that it might be held liable for the offense in question." Allstate Ins. Co. v. Airport Mini Mall, LLC, 265 F. Supp. 3d 1356, 1379 (N.D. Ga. 2017) (citing Forshee, 711 S.E.2d at 31). The Lavant and Smith shootings are substantially similar to the incident in this case, and the Defendants Gardens at Washington Park 1, LLC and Balfour Residential, LLC (collectively "the Gardens Defendants") had notice of them before the incident giving rise to this case occurred. As such, these shootings provide evidence as to what a reasonable insured would expect as to an offense which may result in a

claim under circumstances similar to this case. The Court will consider a limiting instruction on the use of this evidence to the extent that the Gardens Defendants and Defendant Nottingham request one. The Court does not rule on the specific evidence that will be allowed to be introduced. The Court will address that at trial.

Additionally, in their arguments on this issue, the Gardens Defendants argue that, if evidence of these incidents is admitted, then they should also be allowed to introduce evidence on how the insurance claim was handled in these cases. Dkt. No. [109] at 6. The Court is not persuaded. The issue in this case is whether Plaintiff AMCO Insurance Company was notified "as soon as practicable of an 'occurrence' or an offense which may result in a claim." How insurance companies in other circumstances with different claim language interpreted this provision is not relevant on the narrow issue before the jury. The Court does not revisit its earlier ruling that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. Fed. R. Evid. 403.

Based upon the foregoing, Defendant Zykeria Nottingham's Motion in Limine [96] is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED** this 20th day of January, 2026.

_____
**Leigh Martin May**
**Chief United States District Judge**