IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:24-cv-00508-LMM |
| | ) | |
| ZYKERIA NOTTINGHAM, GARDENS AT WASHINGTON PARK 1, LLC, BALFOUR RESIDENTIAL, LLC, and GINA RIVERA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT NOTTINGHAM'S OBJECTIONS TO PLAINTIFF AMCO INSURANCE COMPANY'S PROPOSED JURY CHARGES</u>**

COMES NOW Defendant and Counterclaim Plaintiff Zykeria Nottingham and objects to Plaintiff AMCO's Proposed Jury Charges as follows. Zykeria Nottingham objects to all of AMCO's modifications of pattern charges, as they are argumentative, inconsistent with the Court's prior rulings, and misstate the applicable law and issues in the case, as narrowed by the Court's rulings.

Defendant Nottingham objects to the following of AMCO's Proposed Charges:

### 1.1 General Preliminary Instruction (Modified)

Nottingham objects to this charge as duplicative, as the Court has its own preliminary charge, cumulative, and argumentative as to the "burden of proof" section. AMCO attempts to incorrectly define the burden of proof in a manner inconsistent with the law and the Court's prior rulings and in a confusing and vague manner. AMCO suggests that Defendants have the burden of proving both that they complied with the notice provision *and* that they have a legally sufficient justification for delayed notice. That is not what the law requires. The charge also entirely omits any reference to Ms. Nottingham's Counterclaim, and the associated burden of proof.

### 2.3 Use of Recorded Conversations and Transcripts

AMCO's Table of Contents included an entry for "2.3 Use of Recorded Conversations and Transcripts" but no such charge appears in the body of the filing. Defendant Nottingham objects to any charge about "recorded conversations and transcripts" as it would not comport with the evidence in this case. AMCO has not produced or disclosed any recorded conversations, nor identified any in the Pretrial Order.

**2.12 Use of Requests for Admission**

Defendant Nottingham objects to this Request as it is not an Eleventh Circuit Pattern charge and will likely not comport with the evidence admitted at trial. Moreover, AMCO has not identified which Requests for Admission, if any, it plans to use at trial.  Many of AMCO's Requests pertain to inadmissible subject matter regarding the underlying claim and matters excluded pursuant to the Court's rulings on Motions in Limine, and/or improperly ask Ms. Nottingham to make legal conclusions (*see, e.g.* AMCO's Requests for Admission to Zykeria Nottingham Nos. 5, 6, 7, 11, 12, 17, 18, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39).  Defendant Nottingham objects to the responses to any such Requests being shown to the jury.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence (Modified)**

Defendant Nottingham objects to AMCO's modification of this Charge. This is another attempt by AMCO to incorrectly define the burden of proof in a manner inconsistent with the law and the Court's prior rulings and in a confusing and vague manner.  AMCO suggests that Defendants have the burden of proving both that they complied with the notice provision *and* that they have a legally sufficient justification for delayed notice.  That is not what the law requires.  The charge also entirely omits any reference to Ms. Nottingham's Counterclaim, and the associated burden of proof.

**Request to Charge No. 2 – Notice Provision is a Condition Precedent to Coverage**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing.

**Request to Charge No. 3 – Insured Has Duty to Read Insurance Contract**

Defendant Nottingham objects to this Charge as argumentative and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing.

**Request to Charge No. 4 – Justification for Delayed Notice**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing.

**Request to Charge No. 5 – Excuses That Are Not Legally Sufficient Justifications for Delayed Notice as a Matter of Law**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing.

**Request to Charge No. 6 – Unreasonable Length of Delay**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to

be decided in this case, as explained by the Court in the motions hearing. Additionally, this Charge cites to several cases holding that certain delays were found to be unreasonable as a matter of law at the summary judgment stage. The Court has already rejected these arguments, found that there are genuine issues of material fact which must be resolved by the factfinder, and these cases are not applicable to the issues in this case.

**Request to Charge No. 7 – Importance of Prompt Notice**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing. Why "prompt notice" may or may not be important to an insurer is not at relevant to this case, and the Court has ruled that whether AMCO was prejudiced is not an issue in this case.

**Request to Charge No. 8 – AMCO Does Not Have to Prove Prejudice**

Defendant Nottingham objects. There is no reason to discuss prejudice, per the Court's summary judgment order.

**Request to Charge No. 9 – Insured Has Burden of Proof on Conditions Precedent**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to

5

be decided in this case, as explained by the Court in the motions hearing. This Charge ignores clear case law—cited by the Court in its Summary Judgment Order—holding that "[i]n cases in which a policy's notice provision gives no specific time frame, there is no bright-line rule on how much delay is too much." ECF Doc. 84, p. 12 (citing *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 790 S.E.2d 91, 95 (2016); *Vintage Hosp. Grp. LLC v. National Trust Ins. Co.*, 565 F. Supp. 3d 1365 (M.D. Ga 2021).

**Plaintiff Request to Charge 10 – Justification – General Charge**

Defendant Nottingham objects to this Charge as vague, confusing, argumentative, misstating the law, and outside the bounds of the narrow issues to be decided in this case, as explained by the Court in the motions hearing.

February 6, 2026.

                                                    Respectfully submitted,

                                                    **LAW & MORAN**

                                                    */s/ Brian C. Kaplan*
                                                    Peter A. Law
                                                    Georgia Bar No. 439655
                                                    Brian C. Kaplan
                                                    Georgia Bar No. 644393
                                                    Attorneys for Zykeria Nottingham

563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

February 6, 2026.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
